UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO ESCUDERO-ROBLES,

Plaintiff,

v. CASE NO. 8:16-cv-2008-T-23TBM

WARDEN TIMOTHY SHEFFIELDS, *et al.*,

Defendants.
_________________________________/

**O R D E R**

Escudero-Robles moves for a temporary restraining order and a preliminary injunction to stop sexual harassment by correctional officers in the Avon Park Correctional Institution. Escudero-Robles moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* motion for expedited relief lacks merit under this standard.

Escudero-Robles alleges that Warden Sheffields is responsible for the acts of his subordinate correctional officers, who Escudero-Robles alleges have sexually

harassed him since January, 2016. Escudero-Robles represents that his exhausting the institution's grievance process has not halted the harassment. *Jernard v. Comm'r, Georgia Dep't of Corr.*, 457 Fed. App'x 837, 838 (11th Cir. 2012), explains that a movant must prove each of the following requirements to obtain expedited injunctive relief:

> A district court may grant preliminary injunctive relief only if the moving party shows that:
>
> (1) it has a substantial likelihood of success on the merits;
>
> (2) irreparable injury will be suffered unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;
>
> and (4) if issued, the injunction would not be adverse to the public interest.
>
> *Keeton v. Anderson–Wiley*, 664 F.3d 865, 868 (11th Cir. 2011). A preliminary injunction is considered "an extraordinary and drastic remedy," which should not be granted unless the movant clearly establishes that he has satisfied all four requisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (quotation omitted).

Escudero-Robles's asserted facts support neither his conclusory claim that the continued harassment places him in imminent danger nor his entitlement to either a temporary restraining order or a preliminary injunction.

The motion also fails to show entitlement to relief under Section 1983. First, Escudero-Robles asserts no action against Warden Sheffields. A civil rights complaint must allege facts showing the direct involvement of each defendant in the deprivation of Escudero-Robles's civil rights. Escudero-Robles cannot base a Section

1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Additionally, no liability attaches to Warden Sheffields for his involvement in the grievance process. *Baker v. Rexroad*, 159 Fed. App'x 61, 62 (11th Cir. 2005)[*] (holding that a prison inmate grievance procedure is not constitutionally mandated and, as a consequence, a prison official's failure to take corrective action upon a prisoner's filing of a grievance amounts to no violation of due process). *See also Thomas v. Warner*, 237 Fed. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). A prison official's failure to grant the relief requested in a grievance, without more, is not actionable under Section 1983. Consequently, Escudero-Robles fails to state a claim against Warden Sheffields.

Second, Escudero-Robles asserts no civil rights action against the correctional officers, who Escudero-Robles alleges are harassing him. Mere harassment or verbal abuse fails to rise to the level of a constitutional violation. *See Hernandez v. Florida Dep't of Corr*, 281 Fed. App'x 862, 866 (11th Cir. 2008) (holding that plaintiff's

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation). *See also Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); *Munera v. Metro West Detention Ctr.*, 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."). Courts throughout the country agree. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that dismissal of an Eighth Amendment claim was proper where the inmate alleged only that the "disrespectful and assaultive comments" denied him "peace of mind"); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (concluding that a prisoner's allegations about prison staff harassment generally does not state a constitutional violation); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (holding that mere allegations of verbal abuse do not present an actionable Section 1983 claim); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (recognizing that officers allegedly threatening to kill an inmate is not cognizable under Section 1983); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (holding that

threatening language and gestures of a corrections officer violates no rights protected by the Eighth Amendment); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at the inmate and threatening to hang him does not violate the Constitution). Thus, Escudero-Robles's allegations of verbal harassment state no actionable claim. If he decides to pursue a civil rights action, Escudero-Robles must use the required civil rights complaint form, which the clerk will send to him.

Accordingly, the motion for a temporary restraining order or preliminary injunction (Doc. 1) is **DENIED**. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The clerk must enter a judgment against Escudero-Robles and close this case. The clerk must send to Escudero-Robles the required civil rights complaint form and the required motion for leave to proceed *in forma pauperis* form.

ORDERED in Tampa, Florida, on September 14, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE